DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

Gery G. ELLIBEE,
*Defendant.*

(TC 4630)

Oral argument on the parties' motions was held August 27, 2003, by telephone.

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the motions and argued the cause for Plaintiff.

Gery G. Ellibee, Defendant (taxpayer) filed the motions and argued the cause *pro se.*

Decision for Plaintiff rendered November 12, 2003.

### HENRY C. BREITHAUPT, Judge.

This matter is before the court on a motion filed by the Department of Revenue (the department), Plaintiff in TC 4630, requesting summary judgment on its claim for prevailing party attorney fees. An objection and response has been filed by Defendant (taxpayer) in TC 4630.[1]

---

[1] Taxpayer, the defendant in this case (TC 4630), also filed an appeal of the Magistrate Division Decision (TC 4631). The two appeals were consolidated and the motions and responses of the parties were dealt with jointly by the court.

In its prior order, this court granted the motion for summary judgment filed by the department in the consolidated cases. By its order, the court intended the award of attorney fees provided for in that order to encompass fees expended by the department both in proceedings before the Magistrate Division and the Regular Division of this court.

In order to clarify that intent, the court now grants the motion of the department, as Plaintiff in TC 4630, for attorney fees incurred by it in connection with proceedings before the Magistrate Division in TC 4631.

The court notes that taxpayer in this matter has filed no specific written objection as to any particular amount claimed by the department for attorney fees and has filed no memorandum or other statement outlining why the fees claimed by the department may not be awarded under Oregon law. Accordingly, the Judgment to be issued by this court will include an award of attorney fees, without a hearing on objections as provided by TCR 68.

The department has requested an award of $6,208 as reasonable attorney fees. That is computed on the basis of $97 per hour. The department seeks an award for 64 such hours, although its records indicate that more than 114 hours of attorney time were actually spent on the proceeding. The court finds the amount of time and rate per hour as claimed by the department to be reasonable. The department is awarded attorney fees in the amount of $6,208. Now, therefore,

IT IS ORDERED that Plaintiff's motion for summary judgment is granted, and

IT IS FURTHER ORDERED that Plaintiff is awarded attorney fees in the amount of $6,208.